**Affirmed and Opinion Filed July 26, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00482-CR**

**RONALD ALLEN ADCOCK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 21-10278-86-F**

# MEMORANDUM OPINION

Before Justices Smith, Goldstein, and Garcia
Opinion by Justice Goldstein

Appellant was charged and convicted of continuous sexual abuse of a child and sentenced to thirty-five years' imprisonment. Additionally, the trial court assessed $437 as court costs against appellant. In one issue, appellant asserts, and the State agrees, that the trial court erred by failing to perform an Article 42.15 ability-to-pay inquiry during or immediately after pronouncing the sentence. Appellant and the State urge us to remand this cause to the trial court to conduct the inquiry and determine whether, and to what extent, the court costs should be taxed against appellant. We decline to do so and affirm the trial court's judgment.

# BACKGROUND

The facts resulting in the conviction are well known to the parties and unnecessary to our analysis of the sole issue before us. We therefore recite only those facts necessary to resolve whether the trial court erred in failing to perform the ability-to-pay inquiry. and to determine the appropriate remedy on appeal.

Appellant was charged by indictment of continuous sexual abuse of a child on July 2, 2021 for conduct occurring between September 1, 2012 through on or about August 1, 2014. After a three day jury trial, the jury convicted appellant of the charged offense and sentenced Defendant to thirty five years in the Texas Department of Criminal Justice. The trial court entered a judgment of conviction by jury on May 11, 2023, and court costs were assessed at that time.

Upon receipt of the assessment of punishment by the jury, and the release of the jury, the trial court advised appellant that a judgment had been prepared, along with the certification of the right to appeal, and having been provided no legal reason why sentence should not be pronounced, the court stated:

> Therefore, it is the order, judgment and decree of this Court that you be taken by the sheriff of this county to an authorized receiving agent for the Texas Department of Criminal Justice where you shall be confined for a period of 35 years. Your sentence shall commence today. You will get credit for any time that you have served. You may be -- well, actually, step right over here.

> We're off the record.

The record does not reflect that on-the-record proceedings ever reconvened.

That same day, the trial court entered its judgment via a standard judgment form titled "Judgment of Conviction by Jury." The judgment signed and ordered by the court assessed court costs against Appellant in the amount of $437 and memorialized in a bill of costs. The judgment also includes the following recital and order: "After having conducted an inquiry into Defendant's ability to pay, the Court Orders Defendant to pay the fine, court costs, and restitution, if any, as indicated above." As both parties concede, the recital suggesting that the trial court conducted the inquiry is not supported by the record.

The judgment is accompanied by two attachments. Attachment A, titled "Order to Withdraw Funds" is directed to the "Inmate Trust Account, Texas Department of Criminal Justice." In Attachment A, the trial court "f[ound] that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and funds should be withdrawn from the offender's Inmate Account." The trial court then ordered that "payment be made out of the offender's Inmate Account as follows:"

Pay an initial amount equal to the lesser of:

1) 15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or

2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.

After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:

–3–

1) 10% of each deposit in the offender's Inmate Account; or

2) The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.

Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

In Attachment B, the victim restitution sheet, the trial court ordered that appellant's fines and court costs "are to be paid in installments as arranged with the Kaufman County Collections Department[.]"

This appeal timely followed.

**DISCUSSION**

Article 42.15 of the Texas Code of Criminal Procedure requires that the Court inquire on the record during or after sentencing whether a defendant is able to immediately pay any fines and costs. TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1).[1] Specifically, the Code of Criminal Procedure in effect at the time of trial provided:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . , a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing

---

[1] The 87th Legislature passed Senate Bill 1373 which amended Code of Criminal Procedure, Article 42.15(a-1). The amendment requires courts to conduct ability-to-pay inquiries "on the record." The amendment became effective on September 1, 2021. The bill provided that the statutory changes apply to fines, fees, and costs "imposed before, on, or after" the bill's effective date. Appellant's assessment occurred after the effective date.

–4–

community service . . . ; (3) waived in full or in part . . . ; or (4) satisfied through any combination of methods under Subdivisions (1)–(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added).

Appellant asserts that the trial court erred in failing to conduct an ability-to-pay inquiry on the record. Appellant acknowledges that he did not object to the trial court's failure to conduct the Article 42.15 inquiry but argues he can raise this issue for the first time on appeal. In support, appellant relies on *Cruz v. State*, in which the Fourteenth Court of Appeals held that a trial court's failure to conduct an on-the-record inquiry as to the defendant's ability to pay is "fundamental to the proper functioning of our adjudicatory system" and therefore a defendant is "not required to preserve this complaint for appeal through objection." *See* No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (defendant's right to an ability-to-pay inquiry is a category-two *Marin*[2] right, and therefore, the right's violation requires no objection to preserve the issue for appellate review). The State agrees with appellant and goes further, distinguishing cases in which other appellate courts "found no need to remand to the trial court" on the ground that the trial court in those cases instructed the defendant "to report to the clerk's office at the end of his sentence to make payment

---

[2] In *Marin v. State*, the court of criminal appeals described three categories of errors and the preservation requirements of each: those involving "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. . . . since referred to . . . as category-one, -two, and -three *Marin* rights[.]" *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (discussing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).

arrangements." *See Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.); *Lopez v. State*, No. 01-22-00047-CR, 2024 WL 86412, at *4–5 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, pet. granted) (mem. op., not designated for publication); *Schumann v. State*, No. 12-23-00068-CR, 2023 WL 8659249, at *4–5 (Tex. App.—Tyler Dec. 14, 2023, no pet.) (mem. op., not designated for publication).

After the parties filed their briefs in this appeal, we issued our opinion in *Sanders v. State*, No. 05-22-01376-CR, 2024 WL 725529 (Tex. App.—Dallas Feb. 22, 2024, no pet.) (mem. op., not designated for publication). In *Sanders*, we considered this issue on nearly identical procedural facts. *See id.* at *7–8. As here, (1) the record in *Sanders* revealed that the trial court neglected to conduct an on-the-record inquiry as to the appellant's ability to pay court costs; (2) the appellant did not object to the lack of an inquiry; and (3) the trial court attached to the judgment an order to withdraw funds that contained nearly verbatim language as Attachment A in this case, including a finding that the appellant "was unable to pay the court costs, fees and/or fines and/or restitution." *Id.* at *8. We assumed, without deciding, that a complaint about a trial court's failure to conduct an Article 42.15 inquiry on the record could be raised for the first time on appeal. *See id.* We further assumed, without deciding, that a trial court's written finding in the order to withdraw funds, that the defendant was unable to pay court costs, was insufficient to meet Article 42.15's requirement that the inquiry be made on the record. *Id.* We nevertheless

–6–

overruled the appellant's Article 42.15 issue because any error by the trial court was harmless. We concluded that the trial court's error in failing to conduct the inquiry was "non-constitutional error." *See id.* (citing *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023)). As such, we held that the appellant had "failed to show that his substantial rights were affected, and thus has failed to show he was harmed, by the trial court's lack of an express inquiry." *Id.* (citing *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication).

On this record, we decline to deviate from our holding in *Sanders*. As in *Sanders*, we note that even if the trial court had conducted the Article 42.15 inquiry, the trial court would not have been *required* to waive appellant's costs. *See Gates*, 2024 WL 482436, at *5 ("[I]ndigence does not prevent the imposition of statutorily mandated court costs."). Rather, the trial court would have had to then determine whether costs should be paid at a later date, discharged by community service, waived in full or in part, or satisfied through a combination of these methods. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)(1)–(4). Here, the trial court assumed appellant's inability to pay[3] and skipped to the second step, determining that his costs

---

[3] We are unpersuaded by boilerplate language in form judgments and standardized orders that reflect an inquiry has been made, when directly contradicted by the silent record at the time of sentencing and the parties' concession that no such inquiry occurred. We understand that trial courts are required to use form judgments promulgated by the Office of Court Administration. *See Rios v. State*, 665 S.W.3d 467, 472 n.13 (Tex. Crim. App. 2022) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 4). While this requirement has furthered the Legislature's goal of ensuring uniformity of criminal judgments, it has also had its drawbacks. As we acknowledged in *Asberry v. State*, "it is universally known that judgments in criminal cases, unlike

should be paid out of his inmate account. Therefore, "even in light of any failure to conduct the on-the-record inquiry mandated by Article 42.15(a-1), the result of such an inquiry, had it occurred, is already apparent from the record." *Sanders*, 2024 WL 725529, at *8. In other words, the Order in Attachment A, does not order immediate payment but whether and how the court costs in this case should be paid.

We conclude that, to the extent the trial court erred in failing to conduct an Article 42.15 inquiry on the record, such error was non-constitutional. Appellant does not argue that the trial court's error affected his substantial rights. We therefore decline to waive his costs or remand to the trial court to conduct the Article 42.15 inquiry.

We overrule appellant's sole issue.

---

those in civil cases, are generally prepared by clerks or other personnel, and are not normally submitted to the parties for approval as to form." 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). As a result, criminal judgments often contain errors that we are called on to fix. *See JuarezAguilar v. State*, No. 05-22-00533-CR, 2023 WL 5123303, at *8 (Tex. App.—Dallas Aug. 10, 2023, no pet.) (mem. op., not designated for publication). Ordinarily, such errors occur when the blanks in a judgment form are filled in with the wrong information. *See, e.g., id.* (correcting errors in blanks for attorney names, the statute for the offense, and the age of the victim, among others). In this case, however, the error was not in a blank or a check box, but in boilerplate language included in the judgment form itself: "After having conducted an inquiry into Defendant's ability to pay, the Court Orders Defendant to pay the fine, court costs, and restitution, if any, as indicated above." As we stated in *JuarezAguilar*, "[i]t is incumbent on the trial court and the district clerk's office to issue judgments that properly reflect what occurred in any given case." We would add that the parties share in that role, such as ensuring mandated on the record proceedings actually occur.

## CONCLUSION

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230482F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD ALLEN ADCOCK,
Appellant

No. 05-23-00482-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas

Trial Court Cause No. 21-10278-86-F.

Opinion delivered by Justice
Goldstein. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of July, 2024.